**STEWART LEGAL GROUP, P.L.**
*Formed in the State of Florida*
Gavin N. Stewart, Esq.
401 East Jackson Street, Suite 2340
Tampa, FL 33602
Tel: 813-371-1231/Fax: 813-371-1232
E-mail: gavin@stewartlegalgroup.com
*Attorney for Creditor*

Order Filed on June 18, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In re: | Chapter 13 |
|---|---|
| Gregory A. Antun, | Case No. 18-35011-JKS |
|  | Hearing Date: June 13, 2019 |
| Debtor. | Judge: John K. Sherwood |

**CONSENT ORDER RESOLVING MOTION TO VACATE AUTOMATIC STAY**

The relief set forth on the following pages, number two (2) through two (2) is hereby

**ORDERED**

**DATED: June 18, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

Debtor:             Gregory A. Antun
Case No.:           18-33072-VFP
Caption of Order:   **CONSENT ORDER RESOLVING MOTION TO VACATE AUTOMATIC STAY**

THIS MATTER having been opened to the Court upon the Motion to Vacate the Automatic Stay ("Motion") filed by Capital One Auto Finance, a division of Capital One, N.A. ("Creditor"), and whereas the Debtor and Creditor seek to resolve the Motion, it is hereby stipulated and agreed to that:

1. The automatic stay provided under 11 U.S.C. §362(a) shall remain in effect as to Movant's interest in the personal property described as **2015 Toyota Corolla Sedan 4D L I4; VIN: 2T1BURHE8FC344188** ("Vehicle") provided that the Debtor complies with the following:

    a. The Debtor shall resume making regular monthly payments in the amount of $375.99 as they become due beginning with the June 2019 payment;

    b. The Debtor shall cure the arrearage amount of $1,875.94 by making 6 weekly payments in the amount of $300.00 per week beginning on June 7, 2019 and a payment of $75.94 within the week thereafter.

2. The Debtor will be in default under the Consent Order in the event that the Debtor fails to comply with the payment terms and conditions set forth in above Paragraph. If Debtors fail to cure the default within thirty (30) days from the date of default, Movant may apply on five days' notice to counsel for Debtors and the Chapter 13 Trustee for an order lifting the automatic stay imposed under 11 U.S.C. § 362(a) and permitting Movant to exercise any rights under the loan documents with respect to the motor vehicle including, but not limited to, initiating and completing the repossession and sale of the motor vehicle without regard to any future conversion of this mater to a different form of bankruptcy.

3. The Debtor may default and cure the default under the Consent Order only one. If the Debtor defaults a second time, Movant may serve a notice of default but the Debtor will not be granted an opportunity to cure the default.

4. The failure of Movant to issue a notice of default will not be construed or act as a waiver of any of the rights of Movant under the Consent Order.

5. The Debtor waives the fourteen (14) day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3).

We hereby Consent to the form and entry of the foregoing Order.

Russell L. Low. Esq.
Low and Low, LLC
505 Main Street
Hackensack, NJ 07601

Gavin N. Stewart, Esq.
Stewart Legal Group, P.L.
401 East Jackson Street, Suite 2340
Tampa, FL 33626